**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MILTON MOREL GIRON RODAS, | No. 23-752 |
| Petitioner, | Agency No. A074-421-887 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2024**
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Milton Morel Giron Rodas ("Giron"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA's") dismissal of his appeal from an Immigration Judge's ("IJ's") denial of his application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Because the BIA conducted its own independent review of the evidence and law in this case, our review is limited to the BIA's decision. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). We review factual findings for substantial evidence and legal questions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1. The BIA applied the proper standard of review to the IJ's decision in Giron's case. The BIA reviews questions of law de novo and the IJ's findings of fact for clear error. 8 C.F.R. §§ 1003.1(d)(3)(i)-(ii). The BIA's decision reflects that it applied the proper standards of review considering the issues Giron presented in his appeal to the BIA.

2. The BIA did not err in affirming the IJ's determination that Giron's proposed particular social group—"individuals who have been in the United States for 25 or 30 years who return back to Guatemala"—is not cognizable for purposes of

asylum or withholding of removal. "[A]n applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *In re M-E-V-G-*, 26 I.&N. Dec. 227, 237 (BIA 2014). Substantial evidence supports the IJ's determination, affirmed by the BIA, that Giron's proposed particular social group is insufficiently socially distinct, because Giron did not point to evidence in the record showing that Guatemalan society perceives that group as a discrete class of persons. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016).

3. Substantial evidence supports the BIA's conclusion that Giron is not entitled to asylum or withholding of removal under the INA based on past persecution or a well-founded fear of future persecution based on a protected ground. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). Giron's failure to establish that his proposed particular social group is cognizable forecloses his claims for asylum and statutory withholding of removal based on his membership in this group because even if the harm he experienced, or might experience in the future, rises to the level of persecution, he failed to show the requisite nexus to a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358-59 (9th Cir. 2017) (holding that the protected ground need only be "a reason" for withholding of removal claims, whereas it must be "one central

3

reason" for asylum claims).  Additionally, as the BIA noted, the mere existence of a general political motive "on the part of the guerrillas" does not satisfy the nexus requirement.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992).

4.  Substantial evidence supports the BIA's conclusion that Giron is not entitled to CAT protection.  Torture is "more severe than persecution."  *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (citation omitted).  Giron's evidence of country conditions is in itself insufficient to make him eligible for CAT protection, because it does not indicate any threat of torture that is particularized to him or more likely than the threat to the populace as a whole.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).  And he has provided no evidence compelling the conclusion that it is "more likely than not [that he] would be tortured" at the hands of gangs if returned to Guatemala.  *Ramirez-Munoz*, 816 F.3d at 1230.

**PETITION DENIED**.